DENNIS K. BURKE
United States Attorney
District of Arizona
JESSE FIGUEROA
Assistant U.S. Attorney
State Bar No. 003938
405 West Congress Street
Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
Attorneys for Plaintiff

```
____ FILED      ____ LODGED
____ RECEIVED   ____ COPY

    FEB   3 2011

CLERK U S DISTRICT COURT
  DISTRICT OF ARIZONA
BY_____DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>　　　　　Plaintiff,<br><br>　　vs.<br><br>Anthony Wayne Dawson<br><br>　　　　　Defendant. | CR 09- 1478- TUC -RCC(CRP)<br><br>PLEA AGREEMENT |

The United States of America and defendant agree to the following disposition of this matter:

1. Defendant agrees to plead guilty to count three of the indictment charging the defendant with attempted assault on a federal officer in violation of Title 18 United States Code Section 111(a) and (b).

2. The parties agree that the possible punishment is incarceration for not more than twenty (20) years, a fine of not more than $250,000 and a supervised release term of not more than three (3) years .

3. Pursuant to Title 18, United States Code, Section 3013, the defendant shall pay a special assessment of $100.00. The special assessment is due and payable at the time the defendant enters the plea of guilty, but in no event shall be paid later than the time of

1

sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

4. Pursuant to Rule 11(c)(1)( c), *Federal Rules of Criminal Procedure*, the government and the defendant stipulate and agree that the defendant will be sentenced to;

46-57 months in prison if the defendant's Criminal History is Category I;

51-63 months in prison if the defendant's Criminal History Category is II;

57-71 months in prison if the defendant's Criminal History os Category III;

70-87 months in prison if the defendant's Criminal History is Category IV;

84-105 months in prison if the defendant's Criminal History is Category V;

92-115 months in prison if the defendant's Criminal History is category VI.

The government agrees to dismiss the remaining counts against the defendant.

5. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement, giving the defendant, in accordance with Rule 11(c)(5), *Federal Rules of Criminal Procedure*, an opportunity to withdraw defendant's guilty plea.

6. The defendant and the government agree that this agreement does <u>not</u> in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

7. The defendant hereby waives any and all motions, defenses, probable cause determinations, and objections which defendant could assert to the indictment or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant consistent with this agreement. The defendant further waives: (1) any right to appeal the court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255. If defendant files a notice of

appeal, notwithstanding this agreement, defendant agrees that this case shall be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the United States to withdraw from the plea agreement.

8. If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as the delay occasioned by the later proceedings.

9. The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

(a) All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

(b) All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

(c) All history of drug abuse which would warrant a treatment condition as part of sentencing.

(d) All history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

10. Nothing in this plea agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Further, this agreement does not preclude the United States from instituting any civil proceedings as may be appropriate now or in the future.

## DEFENDANT'S APPROVAL AND ACCEPTANCE

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence, and I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes.

My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions. I agree that my Sentencing Guidelines range referred to herein or discussed with my attorney is not binding on the Court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this <u>written</u> plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

## Factual Basis

I further agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial, the government could prove those facts beyond a reasonable doubt:

On February 23, 2009, Anthony Wayne Dawson was an inmate at the Federal Correctional Facility in Tucson, Arizona. Federal Health Officer Julia Burchfield gave Dawson a syringe containing Dawson's diabetes medicine. Dawson was supposed to self inject the medicine and then return the syringe to Burchfield. Instead, Dawson tried to stab Burchfield with the syringe. Dawson has HIV. At the time of the incident Burchfield was a federal employee engaged in the performance of her duties.

_[signature]_                                          2/2/11
_____                          _____
                                                 Date
Anthony Wayne Dawson


## DEFENSE ATTORNEY'S APPROVAL AND ACCEPTANCE

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed.R.Crim.P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea. No assurances, promises, or representations have been given to me or

to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Rule 11, Fed.R.Crim.P.

Date 2/1/11

Gregory J. Foster
Attorney for Defendant

## GOVERNMENT'S APPROVAL AND ACCEPTANCE

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

DENNIS K. BURKE
United States Attorney
District of Arizona

2/3/11

Jesse Figueroa
Assistant United States Attorney

26