DENNIS K BURKE
United States Attorney
District of Arizona
G. MICAH SCHMIT
State Bar No. 014887
Assistant U.S. Attorney
405 West Congress Street, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
Attorneys for Plaintiff
gerard.schmit@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Anthony Wayne Dawson,<br><br>Defendant. | NO. CR 09-1478-TUC-RCC(CRP)<br><br>**RESPONSE TO DEFENDANT'S PRE-SENTENCE REPORT OBJECTION & SENTENCING MEMORANDUM** |

Plaintiff, United States of America, by and through its attorneys, DENNIS K. BURKE, United States Attorney for the District of Arizona, and MICAH SCHMIT, Assistant United States Attorney, addresses Defendant's Objections and Sentencing Memorandum, filed April 14th, 2011. The government incorporates by reference the facts and history laid out in the Pre-Sentence Report (PSR), paragraphs 1-7.

Defendant presents two main objections and arguments for downward sentencing departures in this case: Defendant's illnesses; and a request for concurrent sentences. The government responds to both objections.

**I.    Defendant Does Not Meet Departure Thresholds For His Health Condition.**

Under U.S.S.G. §5H1.4 the policy statement begins "[p]hysical condition or appearance, including physique, is not ordinarily relevant in determining whether a departure may be warranted. However, an *extraordinary* physical impairment *may* be reason to depart downward." *Id.* (emphasis added.)  Defendant has purports to suffer from diabetes, hypertension, HIV and Hepatitis. There is evidence from the disclosure that the latter two clearly exist, but their severity has not been characterized or quantified. It would appear that

1  none of the available records establish a genuinely serious infirmity so extraordinary that
2  there is an "extraordinary physical impairment" such that downward departure would be
3  warranted.  Indeed, by all accounts, Defendant has led a relatively active lifestyle within
4  prison, as manifested by Defendant's management of HIV for the past 16 years, as well as
5  his conduct leading up to the instant arrest, including his repeated combative energies
6  directed at prison staff. *See also*, U.S. vs. Toothman, 543 F.3d 967 (8th Cir. 2008) (affirming
7  an 8-year guideline-range sentence, without awarding 5H1.4 departure where 55 y.o.
8  defendant suffered from near blindness, hypertension, high-blood pressure and diabetes and
9  prison officials indicated they had abilities to accommodate the defendant's ailments); U.S.
10 v. Martinez-Guerrero, 987 F.2d 618 (9th Cir. 1993) (affirming sentence and holding that even
11 legal blindness "was not extraordinary physical impairment" as prison could accommodate
12 that condition).
13      The government submits that, given today's long-range treatability of HIV infection,
14 coupled with the absence of any indication that Defendant is in the debilitating "advanced
15 stages" of AIDS as referenced by caselaw, the "extraordinary physical impairment"
16 contemplated by §5H1.4 has not been met and, therefore, *departure* is not appropriate.  This
17 Court may, however, find that in its discretion a downward *variance* within the agreed-upon
18 range could be warranted, but that would be enabled under 18 U.S.C. §3553(a) not U.S.S.G.
19 §5H1.4.
20 **II.    Defendant's Sentences Should Run Consecutively**
21      The advisory U.S. Sentencing guidelines (USSG) §5G1.3(a) instruct in essence that
22 since the instant offense was committed while Defendant was already serving a term of
23 imprisonment for a separate crime/conviction, those two sentences should run consecutively.
24 *Id.*  The comments to this provision acknowledge that, as with an calculus, homage must be
25 paid to appropriate application of overall 18 U.S.C. §3553(a) factors. *Id.*  But when these two
26 provisions are applied to Defendant's crimes, the government submits that they militate
27 Defendant's sentences should run consecutively.
28      The principle argument in favor of consecutively imposed sentences is that Defendant

1  committed the instant offense upon prison personnel, both "civilian" and authoritarian. In
2  other words, the victims were tasked with either ensuring Defendant's safety or ensuring
3  Defendant's health. To dissolve such a sentence into a pre-existing sentence for bank
4  robbery would utterly marginalize the distinct impact of each crime, upon each unique
5  victim. This same analysis applies with equally compelling force to Defendant's vantage
6  point, for the punitive and deterrent effects regarding sentencing. To take away any distinct
7  punishment for committing new crimes while in prison, would leave prison officials and
8  medical personnel entirely vulnerable, as there would be no accountability for harming them
9  and no disincentive to harm them. Should the Court feel that mitigating factors somehow do
10 present themselves in this case, those may still be accommodated via a variance under 18
11 U.S.C. 3553(a). The government does not concede this, however.
12     For these reasons, the government submits that the guideline range calculated and
13 delineated in the PSR is both accurate and appropriate.
14     Respectfully submitted this 19th day of April, 2011.

                                              DENNIS K. BURKE
                                              United States Attorney
                                              District of Arizona

                                              s/ *G. Micah Schmit*

                                              G. MICAH SCHMIT
                                              Assistant U.S. Attorney

Copies of the foregoing served electronically
or by other means this 19th day of April to:

Gregory J. Foster
Attorney for Defendant

Brian J. Hoffman
United States Probation Officer